KENNEDY VS DEAR.

*As to amendments of declarations.*

1. Where permission is given to amend a declaration, the plain-tiff has his election either to file a new one, or to amend that previously in Court.
2. A declaration, appearing in a record which shows an order of amendment and judgment, will be presumed to have been amended by alteration, though alleged to be the original filed: and in such case, the defendant can not object, that a *new* declaration has not been drawn out.
3. A defendant may plead, *de novo*, to an amended declaration, or rely upon a demurrer or plea to that originally filed.

This was trespass on the case for slander. The writ was issued and declaration filed, to September term, eighteen hundred and thirty-four. As of that term appeared the following proceedings, to wit—

"Pleas and demurrers in short, by consent."

"Defendant, by attorney, demurs — first, to last count, for insufficiency, &c.—Secondly—to so much of the first, as alleges him, (plaintiff,) to be charged with every offence forbidden by the word of God.

"Jenkins & Bedford, att'ys for deft."

"Pleas in short, by consent.—Not guilty, to all the counts.—Bagby & Bedford.—Issue joined.—Bethea."

At May term, eighteen hundred and thirty-five the cause was continued, and at Fall term, eighteen hundred and thirty-five, also continued, and permission given the plaintiff to amend his declaration on paying the costs of amendment.

At Spring term, eighteen hundred and thirty-six,

there was an entry, that *the defendant's demurrer to the amended declaration being considered, the same was overruled, and defendant had leave to plead over : and thereupon came a jury, who rendered a verdict for the plaintiff.*

The defendant took a writ of error.

The case was arged *Bedford*, for the plaintiff in error; and by *Porter* and *Clarke*, contra.

HOPKINS, C. J.—The pleadings and proceedings in this case, in the Court below, appear in the record in the following order, namely—a declaration, a demurrer, a plea, an order of the Court, at the autumn term, eighteen hundred and thirty-five, which was subsequent to that of which the declaration is entitled, giving the plaintiff in that Court leave to amend his declaration, and a final judgment of the next term afterward, overruling the demurrer to the amended declaration, and for the damages assessed by a jury.

The first error assigned here, and upon which all the others depend, is, that the judgment was rendered without a declaration. The argument in support of this assignment is, that the original declaration only appears in the record, which shows that the judgment was rendered upon an amended declaration. That as such a declaration as the judgment was expressly given upon, does not appear, the legal conclusion is, that none such was filed ; and the judgment is therefore, as erroneous as if there were no declaration.

It has been contended, that an amended declaration is a new one, and ought to appear in the record,

in addition to the original declaration which is abandoned, by obtaining leave to amend it.

The truth of the last branch of this proposition will depend upon the course a plaintiff may pursue, after leave to amend has been obtained. He is not bound to exercise the privilege, and if he would decline it, a Court must act upon the cause of action set out in the declaration which he had filed. That the effect of an amended declaration is that of a new one, so far as the rights of a defendant can be affected by it, we admit.

After an amendment has been made, the defendant in the action has the same right to plead or demur to the amended declaration, that he had to answer the original. But the rights of defendants are as well protected, by permitting the amendments authorised by the Court to be made by additions, or an alteration in any other respect, of the declaration upon file, as to require a second declaration. An amendment frequently consists in the addition or omission of a few words at most; and it would be unreasonable to require such an amendment to be made by filing a new declaration.

If a Court should give leave to make amendments which it had no power to authorise, the matter of them can be made to appear in a bill of exceptions to the opinion that allowed them.

The Court of Appeals of the state of Kentucky has decided, that a plaintiff, with leave to amend, has his election, either to file a new declaration, or to amend the one he had previously filed.[*]

In the case of *Cosby's Ex'or vs Hite*,[†] the declara-

*Hardin's Reps. 85.
†1 Wash.R 365.

4P. 54

tion on file had been amended, and no objection for that cause was made in the Court of Appeals of Virginia. The objection there, (and the Court sustained it,) was that the defendant had been denied the right to plead *de novo*, to the amended declaration.

The English cases which have been cited, maintain this right of defendants; but they do not determine, whether a plaintiff shall make amendments by filing a new declaration, or by altering the one which he had delivered.*

The practice in this State has been regulated by the rule which was recognised by the Court of Appeals of Kentucky, in the case that has been referred to, in Hardin's Reports, (p. 85;) and the rule, we think, needs no amendment.

The right of a defendant to plead *de novo* to an amended declaration is clear, but he may waive it, and rely upon his demurrer or plea to the declaration, as it was first delivered.†

The legal presumption is, that the declaration in this case, was amended by making alterations in it. After it was amended, the defendant in the action must have relied upon the demurrer and plea he had filed to the declaration, as it was first delivered. We come to the conclusion, that he did so, because there is no other demurrer or plea in the case; and it appears, from the record, that his demurrer to the amended declaration, was overruled, and an issue between the parties was afterward tried by a jury. It seems that the demurrer and plea of not guilty were both filed at the same time, but the demurrer first in order. The plaintiff was not bound to take notice of the plea, till after the issue in law was disposed

of.   The irregularity in filing them together, has no effect upon the case.   It became necessary to determine both issues, and both were disposed of in the order which the law prescribes.

No assignment of error questions the sufficiency of the declaration—and the view we have taken of the case, disposes of all the points which were made at the bar.

The judgment is affirmed.